UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-CR-10274-NMG |
| | ) | |
| KEJIA WANG, | ) | |
| a/k/a "Tony Wang" | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. §§ 982(a)(1) and (a)(2)(B); and Rule 32.2(b) of the Federal Rules of Criminal Procedure.   A proposed Order of Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1.    On June 27, 2025, the United States Attorney for the District of Massachusetts filed a three-count Information, charging defendant Kejia Wang a/k/a "Tony Wang" (the "Defendant"), with Conspiracy to Commit Wire and Mail Fraud, in violation of 18 U.S.C. § 1349 (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); and Conspiracy to Commit Identity Theft, in violation of 18 U.S.C. §§ 1028(a)(7) and (f) (Count Three).

2.    The Information also included a forfeiture allegation which provided notice that the United States intended to seek the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offense alleged in Count One of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense; pursuant to 18 U.S.C. § 982(a)(1), upon conviction of the Defendant of

the offense alleged in Count Two of the Information, of any property, real or personal, involved in such offense, and any property traceable to such property; and pursuant to 18 U.S.C. § 982(a)(2)(B), upon conviction of the Defendant of the offense alleged in Count Three of the Information any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such offense.

3.      On September 3, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement that he signed on May 20, 2025.  *See* Docket No. 11.  In Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $400,000 on the grounds that such amount is equal to the amount of proceeds derived from the offenses and/or the amount of money involved as a result of his guilty plea.  *Id.* at 4-5.

4.      Based on the Defendant's admissions in the written plea agreement and his guilty plea on September 3, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $400,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 981(a)(1) and (a)(2)(B). This amount represents the proceeds of the Defendant's crimes and/or the amount of money involved in Defendant's offenses.[1]

5.      The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure,

---

[1] The Defendant has turned over the $400,000 to the United States Marshals Service in satisfaction of this forfeiture amount, which will be credited to this Order of Forfeiture (Money Judgment) once the order is entered by the Court and incorporated into the Defendant's sentence.

and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

6.      Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See Zorrilla-Echevarria*, 671 F.3d at 11 n.15 ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

7.      Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers

under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).  In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure.  Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a)    enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b)    retain jurisdiction in this case for purposes of enforcing the forfeiture;

(c)    include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d)    incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ *Carol E. Head*
CAROL E. HEAD
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: April 7, 2026            carol.head@usdoj.gov

4